UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OLD REPUBLIC INSURANCE COMPANY                                                      PLAINTIFF

v.                                                                             CIVIL ACTION NO. 3:04CV-416-S

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY           DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Old Republic Insurance Company, to strike the affirmative defenses of waiver and estoppel asserted against it in this declaratory judgment action.

The court, in its discretion, may strike under Fed.R.Civ.P. 12(f) any defenses which are insufficient. *Ameriwood Industries International Corp. v. Arthur Andersen & Co.*, 961 F.Supp 1078, 1083 (W.D.Mich. 1997). An affirmative defense is insufficient if it cannot succeed in the case under any circumstances. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819(6th Cir. 1953). A motion to strike admits the well-pleaded allegations of the pleading asked to be stricken. *Id.* While the authority to strike a pleading should be used sparingly, *Id.*, we find that it is an appropriate measure to be taken in this case.

The parties to this action are insurance companies seeking a declaration of rights as to the their respective coverage obligations for a motor vehicle accident. Both Old Republic and the defendant, American Guarantee and Liability Insurance Company, issued policies insuring Continental Conveyor and Equipment Company's employee while operating a Ryder tractor pulling a Continental trailer. Neither insurance company denies that its policy cover the loss. Rather, this action presents a question of whether the insurers must provide coverage on a pro rata basis, as asserted by Old Republic, or whether the Old Republic policy is primary and the American

Guarantee policy excess, as urged by American Guarantee. No insured or other entity is a party to this action.

American Guarantee has asserted waiver and estoppel as affirmative defenses in its answer. Answer, ¶ 2. It contends that Old Republic did not seek a pro rata contribution from it with respect to other claims involving other insureds, but rather provided primary coverage in those instances. American Guarantee urges that it should be permitted to conduct discovery to determine "whether, in reliance upon the primacy of the Old Republic policy, it charged Continental Conveyor a lesser premium than it might have if its policy were to be construed as coterminous in coverage with the Old Republic policy." American Guarantee Response Memorandum (DN 29), pg. 10; *see also*, Motion by Defendant to Compel Responses to Discovery (DN 31). There is a complete absence of any evidence to support the conjecture of American Guarantee concerning a lower premium. Evidence concerning whether Continental was afforded a lower-than-usual premium would be within the possession and control of American Guarantee. It has not come forward with anything to suggest that such evidence exists.

To the extent that American Guarantee seeks discovery on this point, such an exercise would yield nothing to assist it in defeating this motion to strike defenses. Assuming *arguendo* that it could adduce evidence that it assumed, for purposes of its premium calculation, that its potential liability would be excess only. Such an assumption, based not on contract terms but rather on Old Republic's adjustment of other claims, would have been made at American Guarantee's own risk. American Guarantee's attempt to utilize the principles of waiver or estoppel to impose primary coverage responsibilities on Old Republic fails as a matter of law. "'Only parties to the contract of insurance, or their privies, can claim the benefit of a waiver or an estoppel' (footnote omitted). 18 R.Anderson, Couch on Insurance 2d § 71.10, at 11-12 (1968)." *Western Casualty and Surety Co. v. American National Fire Insurance Co.*, 318 N.W.2d 126 (S.D.1982); *accord, St. Paul Mercury Insurance Co. v. Lexington Insurance Co.,* 888 F.Supp. 1372 (S.D.Tex.1995)(equitable subrogation

unavailable to excess insurer where it fails to show that the insured could maintain a defense of waiver and estoppel against primary insurer). Further, under both Florida law (the law of the place of the making of the contract) and Kentucky law (the situs of the accident), coverage by the Old Republic policy cannot be extended through application of waiver or estoppel. *See, Manacare Corporation v. First State Insurance Co.*, 374 So.2d 1100 (Fl.Dist.Ct.App.1979)("Standing alone, ...count did not state a cause of action in spite of the theories of waiver and estoppel because coverage cannot be extended through waiver and estoppel...conduct or action of the insurer...is not applicable to matters of coverage..."); *Owens v. National Life & Accident Insurance Co.*, 29 S.W.2d 557 (Ky.1930)("The statement of an agent after the delivery of the policy that covers something not embraced by the language of the policy is neither a waiver nor an estoppel...").

As the affirmative defenses of waiver and estoppel cannot succeed in this case, the motion of Old Republic to strike (DNs 19, 28) will be granted and the motion for reconsideration of the magistrate judge's order (DN 26) will be denied as moot. The motion of American Guarantee to compel responses to discovery (DN 31) will be denied. A separate order will be entered this date in accordance with this opinion.